```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/31/2021___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YINGCAI HONG, *on behalf of himself and all others similarly situated*,

                               Plaintiff,

v.

JP WHITE PLAINS, INC. et al.,

                               Defendants.

19 CV 5018 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

      In this putative collective and class action, Plaintiff Yingcai Hong ("Plaintiff" or "Hong"), a former deliveryman, brings wage-and-hour and recordkeeping claims against four companies and individuals involved in the Haiku Asian Bistros in Westchester, New York. Hong brings these claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 190 et seq., and New York Labor Law ("NYLL"), N.Y. Lab. Law. § 190 et seq., § 650 et seq. Defendants JP WHITE PLAINS, INC. d/b/a Haiku Asian Bistro White Plains; HAIKU @ WP INC. d/b/a Haiku Asian Bistro White Plains; JP BRONXVILLE INC. d/b/a Haiku Asian Bistro Bronxville; JP SCARSDALE INC. d/b/a Haiku Asian Bistro Scarsdale (collectively, the "Corporate Defendants"); SOONWAH LEE a/k/a/ Michael Lee; PIETRO DIANA a/k/a Peter Diana; HSINGYA CHANG a/k/a/ John Chang; and JIE ZHANG a/k/a/ Jack Zhang (collectively, "the Individual Defendants" and, with Corporate Defendants, "Defendants") have moved to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 33.) For the following reasons, Defendants' Motion is GRANTED in part and DENIED in part.

## BACKGROUND

      The facts herein are drawn from the Amended Complaint ("AC" (ECF No. 28)) and are assumed to be true for purposes of this motion.

Haiku Asian Bistro operates in multiple locations in Westchester County, New York, and elsewhere, including White Plains, Bronxville, and Scarsdale. Hong alleges that from about November 2015 to August 2016 and again from February 2017 to May 20, 2018, Defendants employed Hong as a deliveryman at Haiku in White Plains. (AC ¶¶ 7, 34.)

Until December 2017, Hong worked an average of 58.5 hours per week (*id.* at ¶¶ 38-40) and was paid $7.50 per hour (*id.* at ¶ 46.) From January 2018 to May 2018, he worked an average of 50.5 hours per week (*id.* at ¶¶ 41-43) and was paid $9.15 per hour (*id* at ¶ 47). Throughout his employment by Defendants, Hong was required to work through his hour and a half "break" two days per week and did not have a fixed time for lunch or dinner. (*Id.* at ¶¶ 39, 42, 44). During his employment, $10 per week was deducted in cash tips, $20-$25 per week was deducted as a meal credit, and $24 per week was deducted for transportation. (*Id.* at ¶ 50.) Plaintiff's meals did not include any tea, coffee, milk, or juice. (*Id.* at ¶ 52.) Hong was never informed of his hourly pay rate or any tip deductions toward the minimum wage. (*Id.* at ¶ 48.) Finally, Hong did not receive a weekly pay statement, or notice of the deductions to his tips, transportation, or meals. (*Id.* at ¶¶ 53-54.)

Each workday, Hong drove an average of two miles each way to deliver about 25 customer orders, totaling approximately 100 miles per workday. (*Id.* at ¶¶ 58-59.) On average, two or three orders per day were outside the 4.5-mile delivery radius, and for making such deliveries, Hong earned an extra $3 in tips. (*Id.* at ¶ 60-61.) Hong was "required to bear the cost of the purchase of a motor vehicle, and the costs of gasoline," and alleges that he was not reimbursed for the cost of gasoline or vehicle maintenance. (*Id.* at ¶ 57, 62.) Additionally, for a period of five months, Hong served as the transportation van driver and was compensated in this role $5 for forty to sixty minutes of non-tipped work. (*Id.* at ¶ 51.)

As a result of the foregoing, Hong alleges that he was paid less than the federal minimum wage for the first forty hours per week and less than the required 1.5 times the federal minimum wage for each hour worked in excess of 40 hours per week. (*Id.* at ¶ 55.) Since the New York minimum wage was higher than the federal minimum wage for all relevant periods, his pay was also below the New York minimum wage at all relevant times. (*Id.* at ¶ 56.)

Hong alleges that Mr. Lee is an "owner" of the "Haiku Asian Bistro enterprise," who authorized a Delivery Head named "Ah Xu" to hire Plaintiff, authorized a Telephone Attendant named "Ah Ling" to pay wages to Plaintiff, and asked an unnamed Manager to fire Plaintiff. (*Id.* at ¶¶ 21-24.) Hong further alleges that Corporate Defendants constitute an "enterprise" in that they share staff, advertise as an enterprise, share a common website and logos, and are co-owned by the same partners. (*Id.* at ¶¶ 29, 32.) The Amended Complaint contains exhibits including printouts from Haiku's website, which indicates that the brand has locations in White Plains, Bronxville, Scarsdale, among other places; press from 2019 announcing the opening of two additional Haiku locations, describing Haiku as an "empire" and a "Pan-Asian restaurant mini-chain." (ECF No. 28-8); and various other press clippings describe the opening of the first Haiku location around 2004 and subsequent expansion in Westchester and on Long Island, mentioning that the owners are Michael Lee, Peter Diana, and John Chiang. (ECF Nos. 28-4, 28-5, 28-6, 28-7.) Hong further alleges that Mr. Lee, Mr. Diana, Mr. Chang, and Mr. Zhang are "shareholders" of the "Haiku Asian Bistro enterprise." (AC at ¶¶ 26-31.)

Hong filed this action on May 31, 2019. (ECF No. 1.) The Court granted Hong leave to file an Amended Complaint and Defendants leave to move to dismiss the Amended Complaint. (Minute Entry Dated Feb. 6, 2020.) Hong filed an Amended Complaint on February 27, 2020 asserting thirteen causes of action: (I) meal transportation credit violation under 29 U.S.C.

3

§ 203(m) and 29 C.F.R. § 531.3; (II) illegal tip retention under 29 U.S.C. § 203(m) and (t); (III) meal credit violation under NYCRR; (IV) illegal tip retention under NYLL § 146-2.18 and 2.20; (V) failure to pay minimum wage and unpaid wages under 29 USC § 206; (VI) failure to pay minimum wage and unpaid wages under NYLL; (VII) failure to pay overtime in violation of 29 U.S.C. § 207(a); (VIII) failure to pay overtime in violation of NYLL; (IX) failure to provide meal periods in violation of NYLL; (X) failure to keep records in violation of NYCRR § 14602.1; (XI) failure to provide time of hire wage notice in violation of NYLL § 195-1(a); (XII) failure to provide wage statements in violation of NYLL § 195-1(d); and (XIII) failure to pay delivery experts working on the road standard mileage reimbursement rate published by the Internal Revenue Service. (ECF No. 28.) Defendants' motion to dismiss is now before the Court. (ECF No. 33.)

**I.     Defendants' Rule 12(b)(1) Motion**

Defendants aver that this matter should be dismissed under Rule 12(b)(1) because Plaintiff lacks standing to sue them.

*A.     Applicable Legal Standard*

A court properly dismisses a claim for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (citations and quotation marks omitted). "[T]he 'irreducible constitutional minimum' of standing" requires that the plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).

"The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing" each element of constitutional standing. *Id.* (citations omitted). Because "the elements of Article III standing are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Carter v. HealthPort Techs., LLC,* 822 F.3d 47, 56 (2d Cir. 2016) (citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan,* 504 U.S. at 561.

"A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Id.* Such a motion is facial when it is "based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Id.* In such cases, at the pleading stage, "the plaintiff has no evidentiary burden," *id.*, and the court accepts as true "all material allegations of the complaint and construe[s] the complaint in favor of the complaining party." *Cortlandt Street,* 790 F.3d at 417 (citations, quotation marks, and alterations omitted).

    *B.*    *Discussion*

Defendants aver that the Amended Complaint fails to allege sufficient facts to establish that they were his employers under the relevant state and federal labor laws. Accordingly, Defendants' motion is facial so Hong has no evidentiary burden. *Lujan,* 504 U.S. at 561. The Amended Complaint clearly alleges that Hong has suffered an injury (non-payment of statutorily required wages) traceable to conduct of his employers and redressable by an award in his favor. That gives him standing to sue entities or persons alleged to have been his employers for relief under the FLSA and NYLL. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed

. . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees[.]").

Whether Defendants were Hong's employers—as that term is defined by FLSA—during some or all of the period covered by the Amended Complaint is not a jurisdictional question. That question goes to the merits. It concerns "the existence of a fact . . . that Congress has specified as a prerequisite for the application of a federal statute." *Da Silva v. Kinsho Intern. Corp.*, 229 F.3d 358, 363 (2d Cir. 2000); *cf. id.* at 366 ("[T]he threshold number of employees for application of Title VII is not a jurisdictional issue, at least as long as a plaintiff, as in the pending case, makes a non-frivolous claim that the defendant is a covered employer."). "Where the asserted basis for subject matter jurisdiction is also an element of the plaintiff's allegedly federal cause of action, we ask only whether—on its face—the complaint is drawn so as to seek recovery under Federal Law or the Constitution." *Id.* at 364. If the face of the complaint seeks relief under federal law or the Constitution, then the Court must "find a sufficient basis for jurisdiction[] and reserve further scrutiny for an inquiry on the merits." *Id.* at 364.

Here, the Amended Complaint alleges that Defendants were Hong's employers and, as such, were responsible for the failure to pay him legally required wages. Whether the facts pled adequately support that Defendants were Hong's employers within the meaning of the FLSA is properly addressed under Rule 12(b)(6). *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18 CIV. 6018 (PAE), 2019 WL 633355, at *4 (S.D.N.Y. Feb. 14, 2019) (citing *Bleiler v. Cristwood Constr., Inc.*, 72 F.3d 13 (2d Cir. 1995) (holding district court erred in dismissal of an ERISA claim under Rule 12(b)(1) for failing to allege adequately that defendant was an employer within the statutory definition where case should have been dismissed under Rule 12(b)(6))).

The Court, therefore, denies Defendants' Rule 12(b)(1) motion.

## II.  Defendants' Rule 12(b)(6) Motion

Defendants also assert that dismissal is required under Rule 12(b)(6) for failure to state a plausible claim. Specifically, they aver that they are not "employers" within the meaning of FLSA and the NYLL and, further, that Plaintiff has failed to plausibly plead wage-and-hour and recordkeeping violations under either the FLSA or NYLL.

### A.  *Applicable Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted).

7

*B.     Discussion*

1.    <u>Whether any Defendant is Plaintiff's "Employer"</u>

Defendants assert that Hong has failed to allege that any of the Defendants were his "employer" as that term is statutorily defined.

*a)     Definition of "Employer"*

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The Supreme Court has emphasized that is an expansive definition with 'striking breadth.'" *Hart v. Rick's Cabaret Intern., Inc.*, 967 F. Supp. 2d 901, 938-39 (S.D.N.Y. 2013) (quoting *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)). The "overarching concern is whether the alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted). In order for an individual defendant to be an employer, there must be more than just "[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function . . . . Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). "[T]he determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." *Id.* at 104 (citation and internal quotation marks omitted).

The NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and the analysis of the employment relationship under both statutes is based on the same factors. *See Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308 n.21 (S.D.N.Y. 2011); *see also*

*Mahoney v. Amekk Corp.*, No. 14-CV-4131, 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status).

In addition, "[a]n individual may simultaneously have multiple 'employers' for the purposes of the FLSA, in which case, 'all joint employers are responsible, both individually and jointly, for compliance with all the applicable provisions of the [FLSA].'" *Olvera v. Bareburger Grp. LLC,* 73 F. Supp. 3d 201, 204-05 (S.D.N.Y. 2014) (citing 29 C.F.R. § 791.2(a)).

The Second Circuit has identified several sets of factors relevant to the economic reality inquiry. In its narrowest form, this analysis evaluates whether an alleged employer exercised formal control, and at its broadest it evaluates functional control. Accordingly, "the exercise of formal control over employees is sufficient, but not necessary, to adequately allege an employer relationship." *Xiaoyan Liu v. Canteen 82 Inc., No.* 17 Civ. 7862 (KPF), 2018 WL 6067228, at *5 (S.D.N.Y. Nov. 20, 2018) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

(1)     Individual Officer Control over Plaintiff

When evaluating formal control, courts consider: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter*, 735 F.2d at 12 (quoting *Bonnette v. Calif. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). "Formal control does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 939 (S.D.N.Y. 2013) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)) (internal quotation marks omitted). However, it does "require some degree of individual involvement in a company in a

manner that affects employment-related factors such as workplace conditions and operations, personnel, or compensation—even if this appears to establish a higher threshold for individual liability than for corporate 'employer' status." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013). An allegation that an "individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." *Id.* (discussing n *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)).

(2) Corporations as Single Integrated Enterprises

In the context of affiliated entities within a corporate family, courts in this District have sometimes applied another test: the single-integrated-enterprise test. *See, e.g., In re Domino's Pizza Inc.*, No. 16 Civ. 6274 (AJN), 2018 WL 1587593, at *2 (S.D.N.Y. Mar. 27, 2018) (acknowledging availability of single-integrated-enterprise test under FLSA); *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 368 n.3 (S.D.N.Y. 2014) (applying single-integrated-enterprise test, while noting that defendants never challenged the application of the test); *Lopez v. Pio Pio NYC, Inc.*, No. 13 Civ. 440 (HB), 2014 WL 1979930, at *3 (S.D.N.Y. May 15, 2014) ("[T]he shared policy concerns underlying the . . . doctrine and the FLSA urge the theory's application to FLSA claims.") (internal quotation marks and citations omitted). Under this test, courts consider the following factors: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Chen v. TYT E. Corp.*, No. 10 Civ. 5288 (PAC), 2012 WL 5871617, at *3 (S.D.N.Y. Mar. 21, 2012) (quoting *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996)).

*b) Analysis*

(1) Individual Defendants

Plaintiff makes specific factual allegations regarding Defendant Lee including that Plaintiff knew him as "Boss," and that Lee authorized a Delivery Head to hire Plaintiff, a Telephone Attendant to pay Plaintiff, and directed a Manager to fire Plaintiff. These specific factual allegations regarding Lee's control over Hong's work as a deliveryman, are sufficient to deem Lee an employer under the FLSA and NYLL.

However, the Amended Complaint is devoid of any factual allegations tying the other Individual Defendants to "plaintiff's employment" and mere allegations that an "individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function" are insufficient to state a claim. *Irizarry*, 722 F.3d at 109; *accord Han Dynasty*, 2019 WL 633355, at *7 ("the allegation that some . . . held ownership positions does not by itself make them Yeh's employer"). Additionally, "bare recitation of the legal standard, unsupported by concrete factual allegations, is inadequate to plead that a given individual was an 'employer' of a plaintiff." *Id.* Accordingly, the Court must dismiss the claims against Defendants Diana, Chang, and Zhang.

(2) Corporate Defendants

Plaintiff alleges that he was employed to work as a deliveryman in White Plains. (AC at ¶ 7). He further alleges that Corporate Defendants HAIKU @ WP INC. and JP WHITE PLAINS INC. do business as Haiku Asian Bistro White Plains. (AC at ¶¶ 8, 11.) Accordingly, he has stated a claim against the Corporate Defendants who conduct business as Haiku Asian Bistro White Plains.

11

However, despite Plaintiff's cursory allegations that "the work performed by Plaintiff was directly essential to the business operated by . . . Haiku Asian Bistro White Plains" and "Haiku Asian Bistro Bronxville" (AC at ¶ 34), the Amended Complaint merely states that Hong was employed to work as a deliveryman at "149 Mamaroneck Avenue, White Plains, NY 10601" (AC at ¶ 37) and does not allege that he reported to, delivered for, or had any contact with any location other than Haiku White Plains. Accordingly, he has not asserted sufficient facts tying his work at the White Plains location to any of the other Haiku establishments.

Even assuming that the various Haiku locations shared a website or otherwise operated as a single brand, "the decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control[.]" *Han Dynasty*, 2019 WL 633355, at *8. Courts must dismiss complaints "against defendants within a broader alleged enterprise that lack a nexus suggesting control of the plaintiff at hand: for example, where the plaintiff fails to "allege that [he] worked at the [other locations in the enterprise], that [he] transferred items between those stores, or that [he] communicated with anyone at those stores." *Id.* (quoting *In re Domino's Pizza Inc.*, 2018 WL 1587593, at *3.) Accordingly, the Court must dismiss the claims against Corporate Defendants JP BRONXVILLE and JP SCARSDALE, which Hong alleges do business as Haiku Asian Bistro Bronxville and Scarsdale, respectively, because Plaintiff has not alleged that he ever interacted with, worked for, or was controlled by the Bronxville or Scarsdale locations.

2. <u>Substantive Challenges</u>

Defendants have also moved to dismiss various counts of the Amended Complaint for failure to plausibly allege wage-and-hour and recordkeeping violations under the FLSA and NYLL.[1] The Court examines these claims in turn.

*a) Wage-and-Hour*

Various counts of the Amended Complaint assert that because Defendants failed to pay overtime, to reimburse Hong for mileage, and deducted certain amounts for cash tips, meals, and transportation, his effective wage was below the federal and state minimums. (AC Counts I, II, III, IV, V, VI, VII, VIII, XIII).[2]

The FLSA and the NYLL both "guarantee[ ] compensation for all work . . . engaged in by [covered] employees." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 359 (2d Cir.2011) (internal quotation marks, citation, and brackets omitted). In particular, an employee must be paid at least minimum wage. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). "[F]or any hours worked in excess of forty per week," the employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay." *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013); *see* 29 U.S.C. § 207(a)(1); N.Y.C.C.R.R. tit. 12, § 146-1.4. During the relevant period, the federal minimum wage was $7.25 per hour, 29 U.S.C. § 205(a), and the New York minimum wage was higher than the federal minimum wage at all relevant times.

---

[1] Defendants also moved to dismiss counts IX and X. Since Hong has abandoned these counts (Opp'n Mem. at 17) the Court need not address them.

[2] Defendants further aver that the Court should dismiss Counts II and III because their headings appear to have been swapped such that the heading for Count II ("Violation of 29 U.S.C. § 203(m) and (t)—Illegal Retention of Tips") matches paragraphs 91-93 describing unlawful tip retention under the FLSA, and the heading for Count III ("Violation of NYCRR—Meal Credit Violation") matches paragraphs 81-90 describing meal credits. Despite the typographical error, the Court will consider the sufficiency of these counts.

NYLL Section 193 "proscribes most deductions from the 'wages' of employees.'" *Pachter v. Bernard Hodes Group, Inc.*, 541 F.3d 461, 463 (2d Cir. 2008). Under the statute, "[o]nce wages are earned, 'deductions other than those set forth in section 193 are improper.'" *Jankousky v. N. Fork Bancorporation, Inc.*, No. 08-cv-1858, 2011 WL 1118602, at *3-4 (S.D.N.Y. Mar. 23, 2011) (quoting *Patcher v. Bernard Hodes Grp., Inc.*, 891 N.E.2d 279, 284-86 (N.Y. 2008)). In other words, NYLL prohibits direct deductions—it does not apply to claims of failure to reimburse. *See Bondoc v. Skylar*, No. 152178/2015, 2017 N.Y. Slip Op. 30058(U) (N.Y. Sup. Ct. N.Y. Cnty. Jan. 12, 2017) ("A failure to reimburse is not a deduction.").

"[U]nder New York law, employers do not have to reimburse employees for business expenses . . . so long as not doing so does not reduce the employee's wage below the minimum wage." *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 507 (S.D.N.Y. 2013) (citation omitted); *see also Lin v. Benihana Nat'l Corp.*, 755 F. Supp. 2d 504, 511-12 (S.D.N.Y. 2010) (collecting cases). Courts have likewise interpreted the FLSA to only "prohibit[ ] employers from requiring employees to purchase the tools of their trade or give any money back to their employers, when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Jiaren Wei v. Lingtou Zhengs Corp.*, No. 13-cv-5164, 2015 WL 739943, at *13 (E.D.N.Y. Feb. 20, 2015) (internal quotation marks and citation omitted). In sum, the FLSA and NYLL merely prohibit certain deductions and do not require credit or reimbursement unless failure to credit or reimburse would bring an employee's effective rate below the statutory minimum wage.

The Amended Complaint alleges that until December 2017, Hong worked an average of 58.5 hours per week (*id.* at ¶¶ 38-40) and was paid $7.50 per hour (*id.* at ¶ 46), and that from January 2018 to May 2018, he worked an average of 50.5 hours per week (*id.* at ¶¶ 41-43) and was

14

paid $9.15 per hour (*id* at ¶ 47). By asking the Court to take the aforementioned as an admission by Hong that he was at all times earning above the minimum wage, Defendants ignore Hong's allegations that throughout his employment his pay was subject to various deductions—$10 per week in cash tips, $20-$25 per week for meals, and $24 per week for transportation (Id. at ¶ 50)—and that under both federal and New York labor law, any hours per week in excess of forty must be compensated at 1.5 times the normal hourly rate, which, together Plaintiff estimates brought his effective rate below the minimum requirements.[3] Accordingly, the Court finds that Hong has plausibly alleged that his effective wage was below the federal and state minimums during at least a portion of the period covered by the Amended Complaint.

        *b)*      *Recordkeeping*

NYLL requires that, at the time of hiring, employers provide their employees a written notice with the following information: (1) the rate or rates of pay and basis thereof; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (4) the employer's name; (5) any "doing business as" names used by the employer; (6) the physical address of the employer's main office or principal place of business, and a mailing address if different; (7) the employer's telephone number; and (8) such other information as the commissioner deems material and necessary. N.Y. Lab. Law § 195(1)(a). Employers must provide this notice "in English and in the language identified by each employee as the primary language of such employee." *Id.* "Further, employers must furnish each

---

[3] Hong further alleges that for an unspecified period of five months, he served as the transportation van driver and was compensated in this role $5 for forty to sixty minutes of non-tipped work. (Id. at ¶ 51.) While Hong fails to specify approximately how many hours per week were compensated in this manner and whether this 5-month period occurred prior to or after December 2017, such work could only further depress the average effective rate.

employee with a statement with every payment of wages, listing the following information: (1) the dates of work covered by that payment of wages; (2) the employee's name; (3) the employer's name, address, and telephone number; (4) the rate or rates of pay and basis thereof; (5) gross wages; (6) deductions; (7) allowances, if any, claimed as part of the minimum wage; and (8) net wages. N.Y. Lab. Law § 195(3). There is no language requirement for the statements required under Section 195(3). Section 198 provides a private right of action for violations of both Section 195(1) and 195(3). N.Y. Lab. Law § 198-1b and 1d.

Further, employers must notify Plaintiffs of FLSA "§ 203(m)'s tip-credit provision, and the Court must strictly construe this requirement against Defendants." *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 505 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018). In other words, an employer must provide a plaintiff with "written notice of the" tip credit in English and the employee's native language, and obtain a signed acknowledgement from each plaintiff and retain such acknowledgement for six years. *Gamero*, 272 F. Supp. 3d at 505 (quoting 12 N.Y.C.R.R. § 146–2.2(a), (c))

The Amended Complaint alleges that Hong did not receive any of the requisite notices. Accordingly, he has plausibly alleged recordkeeping violations under the FLSA and NYLL.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to dismiss the Amended Complaint is GRANTED in part and DENIED in part. The Court dismisses with prejudice claims against JP Bronxville, JP Scarsdale, Pietro Diana, Hsingya Chang, and Jie Zhang. The claims against defendant Lee, JP White Plains and Haiku @ WP for wage-and-hour and recordkeeping violations under the FLSA and NYLL remain.

Accordingly, Defendants Lee, JP White Plains and Haiku @ WP are directed to answer the remaining portions of the Amended Complaint by May 5, 2021, and the parties are directed to file a completed Case Management Plan and Scheduling Order on the docket (template attached) by May 19, 2021.

The Clerk of the Court is respectfully directed to (1) terminate the motion at ECF No. 33, and (2) terminate JP Bronxville, JP Scarsdale, Pietro Diana, Hsingya Chang, and Jie Zhang as Defendants.

Dated:   March 31, 2021                                      SO ORDERED:
         White Plains, New York

                                                             _____
                                                             NELSON S. ROMÁN
                                                             United States District Judge

UNITED STATES DISTRICT COURT                                      Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

                                                                                         **CIVIL CASE DISCOVERY PLAN**
                                        Plaintiff(s),         **AND SCHEDULING ORDER**
            - against -

                                        Defendant(s).      _____ CV _____ (NSR)

-------------------------------------------------------------x

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders,

        non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
_____

_____
Nelson S. Román, U.S. District Judge