UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YINGCAI HONG, *on behalf of himself
and others similarly situated*,

                         Plaintiffs,                  **DECISION AND ORDER**

          -against-                            19 Civ. 5018 (NSR) (AEK)

JP WHITE PLAINS, INC., d/b/a Haiku
Asian Bistro White Plains, *et al.*,

                         Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Plaintiff Yingcai Hong, a former delivery driver, brought this putative collective and class action against JP White Plains, Inc. and Haiku @ WP Inc., and their owner, Soonwah Lee (collectively, "Defendants"), alleging wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 190 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*, §§ 650 *et seq.*  Currently before the Court is Plaintiffs' motion for leave to file untimely opt-in consent forms for two individuals, Wei Li and Baozhong Yang, to join the FLSA collective.  ECF No. 89 ("Pls.' Mot.").  For the reasons that follow, Plaintiffs' motion is DENIED.[1]

---

[1] In cases referred for general pretrial supervision, Magistrate Judges in this Circuit regularly address motions for leave to join late opt-in plaintiffs in FLSA actions by way of decision and order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), rather than by report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(B).  *See, e.g.*, *Lubas v. JLS Grp., Inc.*, No. 18-cv-6611 (DG) (SJB), 2021 WL 1725697, at *1-3 (E.D.N.Y. Apr. 9, 2021); *Bayas v. Nor-Marathon Serv. Ctr., Inc.*, No. 16-cv-356 (FB) (CLP), 2017 WL 10745150, at *6-7 (E.D.N.Y. Apr. 19, 2017); *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37-38 (N.D.N.Y. 2009).

      Though there is a dearth of authority squarely addressing whether *denying* a motion to file late opt-in consents requires a report and recommendation, in an analogous context, courts in

BACKGROUND

On January 28, 2022, the Honorable Nelson S. Román granted in part Plaintiffs' motion for conditional certification of a collective action pursuant to section 216(b) of the FLSA. ECF No. 55. On March 14, 2022, Judge Román approved the parties' jointly submitted notice of pendency, and Plaintiffs were authorized to mail notice of this action to current and former delivery drivers employed by Defendants at any time from May 31, 2016 to the present. ECF No. 62. The opt-in period was set as 60 days from the date of mailing. *See* ECF No. 55 at 23; ECF No. 62 at 5. On June 16, 2022, this Court so-ordered a stipulation between the parties extending the period in which putative plaintiffs could opt in to the collective action through July 3, 2022. ECF No. 67.

In their letter motion, which was filed on October 12, 2022, Plaintiffs explain that Li and Yang[2] contacted Plaintiffs' counsel on September 20, 2022 and September 15, 2022 respectively—more than two months after the extended opt-in period had concluded—expressing their desire to participate in the action after learning about it from "coworkers." Pls.' Mot. at 2. According to Plaintiffs, Defendants did not have a telephone number for Li when they compiled

---

this Circuit "have consistently applied the 'clearly erroneous' standard to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims." *MPI Tech A/S v. Int'l Bus. Machs. Corp.*, No. 15-cv-4891 (LGS) (DCF), 2017 WL 481444, *3 (S.D.N.Y. Feb. 6, 2017). And in any event, Plaintiffs maintain that regardless of the outcome of this motion, Li and Yang's claims are not foreclosed. Pls.' Mot. at 3 ("were the Court to deny the admission of opt in Plaintiffs, they would still be able to file separate claims for relief against Defendant, who would still face the prospect of defending against their individual FLSA claims"). Accordingly, it is appropriate for this Court to address this motion by decision and order pursuant to Rule 72(a).

[2] According to the consent filed on behalf of Yang, he was employed by Defendants only through September 15, 2016. ECF No. 95 at 3. Li's consent does not include any dates of employment, but Defendants state that both men were employed "for a few short months in 2016." ECF No. 114 at 1.

contact information for potential members of the collective, and the mailing address that Defendants provided for Li was not his current address.[3]  Yang, meanwhile, received the notice but ignored it, believing it to be junk mail because it was addressed to "Zhong, Yang Bao" instead of "Baozhong Yang." *Id.*  Plaintiffs also state in their letter that they "have filed separate actions" in New York State court on behalf of Li and Yang "to preserve their statute of limitations." *See id.* at 3.

Plaintiffs' letter motion was filed less than 24 hours before the Court conducted a status conference on October 13, 2022, which had been scheduled on September 19, 2022 to address various discovery disputes and other matters. *See* ECF Nos. 87, 88.  Because Defendants had not had an opportunity to respond to the letter motion prior to the October 13, 2022 conference, the Court directed Defendants to respond to Plaintiffs' letter motion by October 20, 2022.  *See* Docket Sheet, Minute Entry dated 10/13/2022.  On October 20, 2022, Defendants filed a letter stating that the parties had reached an agreement regarding the late opt-ins, and that Defendants would not object to joining Li and Yang on the condition that they withdraw their state court action against Defendants.  ECF No. 90.  Defendants further stated that "[i]n agreeing to allow the late filed consents, the defendants do not waive any defenses that they may have in this case with respect to the claims of these individuals and other former employees who have opted-in, including with respect to the statute of limitations of FLSA claims." *Id.*  This statement was consistent with the position articulated by counsel for Defendants at the October 13, 2022 conference.

---

[3] In light of Defendants' assertion that Li and Yang each only "worked as delivery drivers [for Defendants] for a few short months in 2016," ECF No. 114, it does not strike the Court as nefarious—or even surprising—that the address information provided by Defendants in 2022 may have been out of date for Li and other potential members of the collective.

3

Based entirely on the representation that the parties had reached an agreement, this Court entered the following memo endorsement on the October 20, 2022 letter:

> In light of the parties' agreement, Plaintiffs' letter motion (ECF No. 89) is GRANTED, and the Court hereby authorizes Wei Li and Bao Zhong Yang to opt in to this action despite their late submission of the required forms. As noted in the letter at ECF No. 90, Defendants have not waived any defenses with respect to the claims of these or any other current or former employees. Plaintiffs' counsel is directed to file the consent forms for these individuals on the docket by no later than October 25, 2022. *Compare* ECF Nos. 68-73.

ECF No. 91. Pursuant to the Court's instructions, Li and Yang's consents were filed on the docket on October 24, 2022. ECF Nos. 94, 95.

Eleven days after the Court's order, and eight days after filing the consent forms, Plaintiffs filed a letter on November 1, 2022 raising for the first time objections concerning Defendants' "asserted FLSA statute of limitations defense in [counsel's] letter . . . concerning the late opt ins," and stating that Defendants' position "means that we cannot withdraw the [state court] claims as to the New York Labor Law claims at this juncture." ECF No. 102. Defendants responded by letter dated November 2, 2022, making clear that the position asserted by the Plaintiffs in their November 1, 2022 meant that Defendants could no longer consent to the late opt-ins of Li and Yang. ECF No. 103.

The Court held a conference on November 4, 2022 to discuss the opt-in issue, among other matters. As part of that conference, the Court directed the parties to continue to meet and confer and to submit a letter concerning the status of the dispute by November 16, 2022. *See* Docket Sheet, Minute Entry dated 11/4/2022. On November 16, 2022, the parties submitted a joint letter stating that they could not come to an agreement, and on November 23, 2022, Defendants submitted a letter objecting to the late opt-ins. ECF No. 114 ("Defs.' Opp.").

## DISCUSSION

### A. Legal Standards

"The FLSA does not specify when a person must opt-in to a collective action," nor does it "provide a standard under which a court should consider whether to include opt-in plaintiffs whose consent forms are filed after the court-imposed deadline has passed." *Ruggles*, 687 F. Supp. 2d at 37. To determine whether late opt-in consent forms should be accepted in an FLSA action, "courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id.*; *see also Lubas*, 2021 WL 1725697, at *2 (applying *Ruggles*); *Flood v. Carlson Rests. Inc.*, No. 14-cv-2740 (AT) (GWG), 2016 WL 3221146, at *8 (S.D.N.Y. June 7, 2016) (same). Of these factors, courts generally require a showing of "good cause" to grant a motion to include untimely opt-in plaintiffs, particularly when other factors weigh against the application. *See Flood*, 2016 WL 3221146, at *8 (denying motion to include untimely opt-in plaintiffs based on failure to show good cause); *Ayers v. SGS Control Servs., Inc.*, Nos. 03-cv-9078, 06-cv-7111 (RMB), 2007 WL 3171342, at *4-5 (S.D.N.Y. Oct. 9, 2007) (requiring that opt-in plaintiffs show good cause for their untimely consent filings); *Moya v. Pilgrim's Pride Corp.*, No. 06-cv-1249 (JPH), 2006 WL 3486739, at *1 (E.D. Pa. Nov. 30, 2006) (same); *cf. Huggins v. Chestnut Holdings Inc.*, No. 18-cv-1037 (PAC), 2021 WL 1885259, at *2 (S.D.N.Y. May 11, 2021) (allowing untimely opt-in of individual who had not shown good cause to join suit where "*all the other factors* weigh in favor of allowing him to join this collective action") (emphasis added).

**B.     Analysis**

Defendants here contend that Plaintiffs' motion for leave to file the untimely opt-in consent forms should be denied because Plaintiffs have failed to establish good cause for the delay, and because allowing the opt-ins would not promote judicial economy.  Defs.' Opp. at 2.  The Court agrees.

First, Plaintiffs have not established good cause for their delay.  In Plaintiffs' letter motion, they explain that Li did not submit his consent form on time because he did not receive it, and Yang did not submit his form because although he received it, he did not read it.  Pls.' Mot. at 2.  Yet Plaintiffs did not submit any declarations from the prospective opt-in plaintiffs or any other form of evidence to confirm the representations in counsel's letter.  Where, as here, "Plaintiffs provide no evidence substantiating each [l]ate [o]pt-in's excuse for his or her late filing, nor declarations from the [l]ate [o]pt-ins specifying when they received notice and the particular circumstances that prevented them from responding in time," courts have refused to find "good cause" to allow late opt-ins.[4]  *Flood*, 2016 WL 3221146, at *8 (dismissing untimely opt-ins who counsel represented were delayed for reasons including that "the form was not delivered to the correct mailing address" and "the employee 'misunderstood' the content of the form"); *see Saleem v. Corp. Trans. Grp., Ltd.*, No. 12-cv-8450 (JMF), 2013 WL 6331874, at *2-3 (S.D.N.Y. Dec. 5. 2013) (considering affidavits and other evidence to determine whether untimely plaintiffs were allowed to join the suit).  "Allowing late filings without sufficient proof

---

[4] Plaintiffs make a brief reference to "Exhibit 01 and 02" in their letter motion, but no exhibits were attached to the filing.  *See* Pls.' Mot. at 1.  Even assuming that Plaintiffs mistakenly omitted some evidence from their filing, Defendants' opposition—filed on November 23, 2022—specifically called attention to "Plaintiffs' failure to submit sworn declarations," and should have alerted Plaintiffs to any oversight in this regard.  To date, Plaintiffs have not supplemented their filing nor sought permission from the Court to do so.

would render the Court's deadline meaningless." *Flood*, 2016 WL 3221146, at *8 (quotation marks omitted).  This alone is reason to deny Plaintiffs' motion.

With respect to Li—who purportedly did not receive the notice of pendency at all—the absence of supporting evidence makes it impossible for the Court to assess whether Li acted with appropriate diligence upon learning of the lawsuit.  Among other things, there is no indication of when Li learned of the lawsuit, what prompted the discussion with his "coworkers" about the lawsuit (and why that did not happen earlier), and what he did upon learning of the lawsuit.

With respect to Yang, even if counsel had submitted proper evidence, the reasons for his delay are not compelling.  Plaintiffs maintain that Yang did not submit his consent on time because he did not read it, believing it to be junk mail.  Pls.' Mot. at 2.  That explanation, and other similar explanations, have been rejected by courts as insufficient to satisfy the "good cause" standard.  *See Moya*, 2006 WL 3486739, at *2 (dismissing an untimely opt-in who explained that her notice "got mixed up with junk mail"); *Saleem*, 2013 WL 6331874, at *2 (dismissing one untimely opt-in who received notice but misplaced it, and a second untimely opt-in who gave consent form to wife who did not mail it).

Second, the evolution of this dispute makes plain that allowing Li and Yang to join this lawsuit as opt-in Plaintiffs would not promote any meaningful judicial economy.  Plaintiffs have asserted that they have every intention of continuing to litigate Li and Yang's wage-and-hour claims in state court—indeed, they have taken the firm position that regardless of the outcome of this motion, they "cannot withdraw" the state court action.  ECF No. 102.  Because Plaintiffs represent that they will litigate Li and Yang's claims in state court even if they are allowed to join this federal action, any argument that allowing the late opt-ins would promote "judicial

economy" rings hollow.[5]  *Cf. Toure v. Cent. Parking Sys. of N.Y.*, No. 05-cv-5237 (WHP), 2007 WL 2872455, at *6 n.2 (S.D.N.Y. Sept. 28, 2007) ("judicial economy would be served by hearing all overtime claims in one action").

## CONCLUSION

For the foregoing reasons, Plaintiffs have failed to establish good cause to allow the filing of untimely opt-in consent forms for Li and Yang, and allowing the late consents would not be in the interest of judicial economy.  Accordingly, Li and Yang (listed on the docket as Yang Bao Zhong) will not be permitted to join this action as opt-in Plaintiffs.

The Court's prior order (ECF No. 91) which authorized the filing of untimely opt-in consent forms for these two individuals is hereby VACATED.  As set forth above, the October 21, 2022 order was based on the Court's understanding that the parties had reached an agreement with respect to the two late opt-ins; subsequent developments have made clear that there was no such meeting of the minds.

Plaintiffs' letter motion for leave to file two late consents to join the FLSA collective (ECF No. 89) is now hereby DENIED.  The Clerk of Court is respectfully directed to terminate Wei Li and Baozhong Yang (listed on the docket as Yang Bao Zhong) on the docket as parties in this matter, effective as of February 6, 2023.  In addition, the Clerk of Court is respectfully

---

[5] Surprisingly, as a part of their judicial economy argument, Plaintiffs also request the Court "allow forty-five (45) days from today for prospective plaintiffs to join this action."  Pls.' Mot. at 3.  Plaintiffs have provided no reason as to why the Court should consider this extremely belated request other than a vague reference to "economic interests."  *Id.*  This request is denied.

8

directed to note on the docket that the filings at ECF Nos. 94 and 95 have been vacated as a result of this Decision and Order.

Dated: February 6, 2023
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

9