UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

YINGCAI HONG, *on behalf of himself*
*and others similarly situated*, *et al.*,

                                                    19 Civ. 5018 (NSR) (AEK)

                         Plaintiffs,

            -against-                               **DECISION AND ORDER**

JP WHITE PLAINS, INC., d/b/a Haiku
Asian Bistro White Plains, *et al.*,

                         Defendants.
--------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Plaintiff Yincai Hong, on behalf of himself and others similarly situated, brought this

putative collective and class action against JP White Plains, Inc., Haiku @ WP Inc., and Haiku

Bistro 149, Inc. (collectively "Haiku"), and Haiku's owner, Soonwah Lee (collectively with

Haiku, "Defendants"), alleging wage violations under the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.*,

§§ 650 *et seq.*  ECF No. 107 ("Second Amended Complaint" or "SAC").  Relevant for purposes

of the instant motion, Mr. Hong asserts the following state law causes of action on behalf of "all

non-exempt personnel employed by Defendants on or after the date that is six years before the

filing of the Complaint in this case": (1) illegal meal credit deduction, (2) illegal tip retention,

and (3) failure to pay minimum wage and unpaid wages.  *Id.* ¶¶ 58, 76-83, 89, 96-97.

      Currently before the Court is Plaintiffs'[1] motion for an order expanding the scope of

discovery to be taken in advance of Plaintiffs' forthcoming motion to certify a class or classes

---

[1] The term "Plaintiffs" in this Decision and Order refers to Mr. Hong and the three
individuals who opted into this action in June 2022.  *See* ECF Nos. 68-73.

pursuant to Rule 23 of the Federal Rules of Civil Procedure.  ECF No. 130 ("Pls.' Mot.").  For the reasons that follow, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

On January 28, 2022, the Honorable Nelson S. Román granted in part Mr. Hong's motion for conditional certification of a collective action pursuant to section 216(b) of the FLSA.  ECF No. 55.  Through the motion, Mr. Hong sought an order conditionally certifying a collective consisting of all nonmanagerial employees of Haiku, including not only delivery drivers, but also waiters/waitresses, sushi chefs, cashiers/recipients, and kitchen workers.  *See id.* at 12.  In his decision on the motion, Judge Román conditionally certified an FLSA collective limited to "employees who held the position of 'delivery drivers' at Haiku in White Plains, New York."  *Id.*  This limitation was necessary, Judge Román found, because based solely on Mr. Hong's "conclusory assertions" that the other employees "often worked overtime," the Court was unable to "fairly infer from that fact alone that they labored under similar working conditions and thus suffered the same violations of the FLSA—namely, that they were inadequately paid."  *Id.*  Following the decision on the motion for conditional collective certification, and after Judge Román referred this matter to the undersigned for general pretrial supervision, *see* ECF No. 57, three additional former delivery workers—Lin Ding, Zhong Li, and Yidi Zhao—opted into the action as plaintiffs, ECF Nos. 68-73.

Thereafter, Plaintiffs sought to take discovery related to all Haiku employees, including non-delivery drivers, asserting that such discovery was relevant to and necessary for purposes of their forthcoming motion for class certification pursuant to Rule 23.[2]  *See* ECF No. 78.

---

[2] While Mr. Hong's earlier motion to conditionally certify an FLSA collective was concerned solely with his FLSA claims, the forthcoming motion for certification of a Rule 23 class or classes will be made in connection with Plaintiffs' NYLL claims.  *See* SAC ¶¶ 58-60.

Defendants opposed Plaintiffs' requests for such discovery.  *See* ECF No. 80.  During an August 18, 2022 conference, this Court determined that while Plaintiffs would be permitted to take discovery on issues relevant to a forthcoming motion for class certification, that discovery must have limits.  *See* ECF No. 116 (transcript of 8/18/22 hearing).  For reasons similar to those set forth by Judge Román in his decision granting in part and denying in part the motion for conditional certification of an FLSA collective, this Court denied Plaintiffs' application to compel pre-class certification discovery for "all employees" at Haiku, and instead limited the scope of pre-certification discovery to delivery drivers at Haiku.  *See id*. at 29:20-31:2.

Plaintiffs now seek to expand the scope of the discovery, once again, to cover "all employees, rather than solely the deliverymen."  Pls.' Mot. at 1.  Plaintiffs contend that discovery should be expanded beyond the boundaries set by this Court during the August 18, 2022 conference to allow Plaintiffs to ask questions at the deposition of Mr. Lee "pertaining to the commonality of the employment practices that named Plaintiffs contend were common throughout the restaurant" and to obtain "paper discovery relating to the same."  ECF No. 136 ("Pls.' Supp. Br.") at 2.  More specifically, Plaintiffs argue that they are entitled to seek further discovery as to Haiku's "employment practices with respect to: (1) meal deduction, (2) transportation deduction, (3) cash tip deduction (for tipped employees), [and] (4) automatic break time deduction."  Pls.' Mot. at 4.

## DISCUSSION

### I.        Applicable Legal Standards

Plaintiffs' request to expand the scope of discovery must be considered in the context of their forthcoming motion for class certification.  A party seeking class certification must demonstrate by a preponderance of the evidence that all the requirements of Rule 23 of the

Federal Rules of Civil Procedure have been satisfied.  *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013).  "'Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate' in light of the requirements set out in Rule 23."  *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (quoting *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06-cv-6198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)).  "The discovery permitted must be sufficiently broad in order that the plaintiffs have a realistic opportunity to meet the Rule 23(a) requirements; at the same time, the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas."  *Rahman*, 2007 WL 1521117, at *3 (cleaned up).  "Such discovery, however, must generally stop short of the merits of the class claims."  *Benavides*, 166 F. Supp. 3d at 491.  Moreover, where a court has already limited the scope of discovery, a motion to expand that scope "must be supported with references to specific responses, demonstrating the inadequacy of the current parameters of discovery, and preferably including citations to pertinent legal authority or newly discovered facts."  *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11-cv-6746 (RKE) (HBP), 2012 WL 4791804, at *6 (S.D.N.Y. Oct. 9, 2012).

## II.        Meal Credit Deduction

Plaintiffs maintain that they should be permitted to take more expansive discovery relative to their claim that Defendants' "meal program" violated the NYLL.  *See* Pls.' Mot. at 3-5; SAC ¶¶ 80-83.  The Second Amended Complaint alleges that, in violation of the NYLL, a "meal credit" was deducted from the wages received by Plaintiffs and other similarly situated employees, purportedly for meals that Defendants provided to employees during their shifts,

4

regardless of whether employees actually took the provided meal.[3, 4]  SAC ¶ 83.  According to

Plaintiffs, they should be permitted to expand the scope of discovery on this topic in light of

deposition testimony given by Defendant Mr. Lee and opt-in Plaintiff Lin Ding.  Pls.' Mot. at 3-

5; Pls.' Supp. Br. at 3-4.

At his deposition, Mr. Lee testified that Haiku's meal policy applied to all employees,

and not only to delivery drivers.  *See* ECF No. 135-1 at 34:14-20 ("Q: Did the meals [ ]

program[] apply to everyone?  A: Yes.  For the benefit of the employees . . . it's like $2.00 per

meal . . . .").[5]  Further, Mr. Ding, a delivery worker, testified that he discussed with other non-

delivery employees their complaints about having the meal credit deducted when they did not eat

meals provided by Haiku.  ECF No. 136-2 at 89:16-20 ("through our, you know, casual

conversation with the chef and other employees saying that, hey, we bring our own food, how

can they still make the deduction?").  According to Plaintiffs, this testimony demonstrates that

"kitchen staff and [Mr. Ding] complained about having meal credits deducted regardless of

---

[3] Although "the FLSA contains no requirement that an employee accept the meals offered
for a meal credit to be taken, New York State law contains that requirement."  *Rahman v. Limani
51 LLC*, No. 20-cv-6708 (KMW), 2022 WL 3927814, at *5 (S.D.N.Y. Aug. 31, 2022).  Pursuant
to the NYLL, meal deductions are only permitted "when an employee has 'customarily eaten'
meals provided by an employer."  *Id.*; *see also De Jesus v. P&N Cuisine Inc.*, No. 20-cv-3619
(RA), 2021 WL 2380065, at *4 (S.D.N.Y. June 10, 2021).

[4] Plaintiffs also allege that the meals provided by Defendants did not include tea, coffee,
milk, or juice, and therefore were not "meals" as that term is defined by New York Codes, Rules,
and Regulations.  SAC ¶¶ 80-81.  Contrary to Plaintiffs' allegations, however, both Mr. Hong
and Mr. Ding testified that they were offered tea with their meals.  *See* ECF No. 137-1 at 60:8-
13; ECF No. 137-2 at 85:5-25.  In any event, Plaintiffs have not made any arguments to expand
the scope of discovery based on this aspect of their claim.

[5] Notably, Mr. Lee did not testify that all employees were required to participate in the
meal policy, or that they were automatically enrolled.  *See* ECF No. 135-1 at 200:15-20 ("Q: If
they refused to join the meal program . . . would they be allowed to work for JP White Plains?
A:  Yes, a hundred percent.  It's not mandatory to join the program.  It's their option for their
benefit.").

whether a meal was taken, and in spite of the kitchen workers having brought their own lunch." Pls.' Supp. Br. at 3.  Plaintiffs assert, based on Mr. Lee's testimony that the meal program was available to all employees, and based on Mr. Ding's testimony that he spoke to other employees about the deduction being taken regardless of whether they ate the meal, that Plaintiffs are entitled to "an expansion of the discovery to all the class of non-exempt workers" at Haiku.  *Id.* at 4.

The Court is persuaded that additional discovery as to Haiku's meal program would be relevant to the evaluation of whether class certification is appropriate pursuant to Rule 23, including as to questions of commonality, typicality, numerosity, and whether the class is identifiable and ascertainable.  *See Rahman*, 2007 WL 1521117, at *3.  This additional pre-certification discovery shall be limited to (1) reopening Mr. Lee's deposition for the narrow purpose of additional questioning regarding Haiku's meal program, and (2) supplemental production of documents sufficient to show the number of employees who were eligible for the meal program during the relevant period, and the number of employees who participated in the meal program during the relevant period.

**III.     Transportation Credit Deduction**

The Court will not, however, permit Plaintiffs to take expanded discovery related to the other requested topics.

Plaintiffs maintain that certain testimony given by Mr. Lee regarding Haiku's "transportation program" demonstrates that the program was available to "*all* employees at the store," not only delivery drivers, and that for that reason, Plaintiffs should be permitted to take more expansive discovery.  *See* Pls.' Mot. at 3; Pls.' Supp. Br. at 5.

Critically for purposes of the question of pre-class certification discovery, Plaintiffs have brought claims related to the transportation program solely pursuant to the FLSA, and not the NYLL.  *See* SAC ¶¶ 71-74.  But Plaintiffs have not sought—in their letter motion, in any conference with this Court, or in any other submissions in this case—to expand the scope of the conditionally certified FLSA collective or otherwise revisit Judge Román's January 28, 2022 ruling, and their arguments for expanded discovery at this stage of the litigation are limited to seeking information to support their expected motion for class certification pursuant to Rule 23.  *See* Pls.' Mot. at 2; Pls.' Supp. Br. at 1-2, 4.  Because only Plaintiffs' NYLL claims and not their FLSA claims will be at issue in a motion for Rule 23 class certification, Plaintiffs' arguments for additional discovery related to the FLSA-only claim for transportation credit are unavailing.  The Court will not expand the scope of discovery as to a claim that was not brought on behalf of a purported Rule 23 class.

Additionally, Plaintiffs speculate that discovery may uncover that "for low-wage employees, the transportation policies improperly reduced their wage below the minimum wage."  Pls.' Supp. Br. at 2.  But Plaintiffs have not identified any evidence to support this assertion, and the Court will not expand the scope of discovery based solely on Plaintiffs' speculation.  *See Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses").

## IV.        Illegal Tip Retention

Plaintiffs' fourth claim in the Second Amended Complaint is for "illegal tip retention," and is brought on behalf of the putative Rule 23 class.  SAC ¶ 89.  Although Plaintiffs assert that

they "would like the opportunity to examine Mr. Lee regarding the employment practices with respect to . . . cash tip deduction (for tipped employees)," Pls.' Mot. at 4, they have not made any arguments in the instant motion or otherwise "demonstrat[ed] the inadequacy of the current parameters of discovery" with respect to this claim, *see Auto. Club of N.Y., Inc*, 2012 WL 4791804, at *6.  Thus, the Court finds no basis to expand the scope of discovery as to this claim.

V.        **Automatic Break Time Deduction (Unpaid Wages)**

Finally, Plaintiffs' sixth claim in the Second Amended Complaint is for unpaid wages, and is brought on behalf of the putative Rule 23 class.  SAC ¶ 96.  Plaintiffs allege that Mr. Hong was regularly required to work through his breaks and that nevertheless, Defendants deducted forty minutes from his pay when he worked full days and twenty minutes from his pay when he worked half days.  *Id.* ¶¶ 29, 32, 35-38.  According to the Second Amended Complaint, the circumstances that resulted in Mr. Hong not having a regular break time were that as a driver, "he was always on call, meaning that if customer's order came, his break stopped and he had to deliver."  *Id.* ¶ 35.  Plaintiffs maintain that the deposition testimony now demonstrates that "the break deduction was automatic as to all employees utilizing the time clock" and that therefore, the improper break time deductions alleged by Mr. Hong were common for "*all* employees across the different departments."  Pls.' Mot. at 4-5.

But even if Plaintiffs are able to show that employees other than delivery workers had automatic deductions taken out of their pay for daily breaks, that in itself is not indicative of a NYLL violation.  And moreover, Plaintiffs have not come forward with any evidence through which the Court could infer that the circumstances that prevented Mr. Hong from receiving full breaks from work—*i.e.*, that he had to make deliveries as orders came into the restaurant—were common among other non-delivery driver employees.  Because Plaintiffs have failed to come

8

forward with evidence that non-delivery drivers were subjected to the alleged improper practice, the Court will not expand the scope of discovery as to this claim.[6]

## CONCLUSION

For the foregoing reasons, Plaintiffs motion to expand the scope of pre-certification discovery (ECF No. 130) is GRANTED IN PART AND DENIED IN PART.  Plaintiffs may take limited additional discovery regarding Defendants' meal program, as set forth above.

By September 1, 2023, the parties must complete Mr. Lee's deposition.  By August 18, 2023, the parties must meet and confer to discuss the parameters of a supplemental production of documents sufficient to show the number of employees who were eligible for the meal program during the relevant period, and the number of employees who participated in the meal program during the relevant period.  By August 25, 2023, Plaintiffs must serve a formal request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure to request this limited set of additional records; Defendants must respond to the supplemental document demand by September 25, 2023.

A telephonic status conference is hereby scheduled for September 6, 2023 at 9:30 a.m., using the same teleconference information that has been used for prior conferences with the undersigned.[7]  *See* ECF No. 87.

---

[6] Plaintiffs also make passing arguments related to the sufficiency of wage notices provided to Haiku employees.  *See* Pls.' Mot. at 4; Pls.' Supp. Br. at 3-4.  Plaintiffs state, without citation to any evidence, that "[t]he significance of the English fluency is interconnected with the sufficiency of the wage notice, and notice of deductions, which Plaintiffs testified was never explained to them."  Pls.' Supp. Br. at 3.  Plaintiffs' argument on this point is difficult to decipher and is insufficient to merit broadening the scope of discovery at this time.

[7] At this conference, the Court will address, among other things, the discovery dispute set forth in the parties' joint letter at ECF No. 138 regarding Plaintiffs' request for document discovery for financial information regarding all corporate Defendants, despite Defendants' formal admission that Defendants JP White Plains Inc. and Haiku Bistro 149, Inc. are subject to the jurisdiction of the Court for purposes of the FLSA because they exceed the threshold sales

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 130.

Dated: July 31, 2023
   White Plains, New York

           **SO ORDERED.**

           _____
           ANDREW E. KRAUSE
           United States Magistrate Judge

---

requirements of the statute for all years relevant to this matter, and Defendants' willingness to provide document discovery for financial information regarding Defendant Haiku @ WP Inc.