```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YINGCAI HONG,
*on his own behalf and on behalf of others similarly situated*

      Plaintiff,

   V.

JP WHITE PLAINS, INC.
  d/b/a Haiku Asian Bistro White Plains;
HAIKU @ WP INC.
  d/b/a Haiku Asian Bistro White Plains;
HAIKU BISTRO 149, INC.
  d/b/a Haiku Asian Bistro White Plains;
SOONWAH LEE
  a/k/a Michael Lee,

      Defendants.

7:19-CV-05018 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

  Plaintiff Yingcai Hong (the "Plaintiff"), on his own behalf and on behalf of others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against JP White Plains, Inc., d/b/a Haiku Asian Bistro White Plains; Haiku @ WP Inc., d/b/a Haiku Asian Bistro White Plains; Haiku Bistro 149, Inc., d/b/a Haiku Asian Bistro White Plains; Soonwah Lee, a/k/a/ Michael Lee (collectively, the "Defendants"). Plaintiff claims, *inter alia*, that Defendants illegally deducted wages from its employees as part of a meal and transportation program that Defendants offered to its employees, which drove employee wages below the statutory minimum.

  Presently before the Court is Plaintiff's motion for class certification for his FLSA and NYLL claims (the "Motion"). (ECF No. 161.) Plaintiff seeks to certify a class comprised of all non-managerial and non-exempt workers who were employed or are currently employed by Defendants during the six years immediately preceding the initiation of this action, or May 31,

2013, up to the date of the decision on this motion. Plaintiff's motion also seeks designation of Plaintiff as the class representative, approval of the proposed notice of the action, distribution of the notice of this action to class members, and posting of this notice in Defendants' place of business where class members are employed. For the following reasons, the Court DENIES Plaintiff's motion for class certification.

**PROCEDURAL HISTORY**

On May 31, 2018, Plaintiff filed his initial complaint. (ECF No. 1.) On February 27, 2020, Plaintiff filed an Amended Complaint. (ECF. No. 28.) On June 3, 2020, Defendants filed a motion to dismiss several claims contained in the Amended Complaint. (ECF No. 33.) On March 31, 2021, the Court dismissed all claims asserted against five of the defendants originally named in the action, and the court dismissed two of the claims originally asserted against the remaining defendants. (ECF No. 38.) On August 20, 2021, Plaintiff moved for conditional certification. (ECF No. 46.) On January 28, 2022, the Court issued an opinion conditionally certifying a class comprised of drivers and denying certification for all non-managerial employees. (ECF No. 55.) On November 1, 2022, Plaintiff filed a Second Amended Complaint. (ECF No. 101.) On March 27, 2023, Plaintiff filed a motion to expand the scope of pre-certification discovery to include non-driver employees. (ECF No. 130.) On July 31, 2023, Judge Krause issued an order which permitted Plaintiff to obtain limited pre-certification discovery. Judge Krause also rejected Plaintiff's request for additional discovery regarding the alleged "transportation program," the alleged "tip deduction," and the alleged "automatic break time" deduction. (ECF No. 139.)

On June 12, 2024, Plaintiff filed a motion to certify a class comprised of all non-managerial and non-exempt employees who were employed or are currently employed by Defendants during the six years immediately preceding the initiation of this action and up to the

date of the decision of this motion. (ECF No. 161.) On June 12, 2024, Plaintiff filed a memorandum of law in support of his motion ("Pltf.'s MoL.") (ECF No. 163.) as well as a reply memorandum of law (the "Reply"). (ECF No. 167.) Defendants filed a memorandum of law in opposition (the "Opp"). (ECF No. 166.) On June 25, 2024, Defendant also filed a sur-reply (the "Sur-Reply"). (ECF No. 171.)

## BACKGROUND

Plaintiff was a delivery driver for Defendants' restaurant Haiku Asian Bistro from November 2015 to August 2016 and then again from February 2017 to May 2018. Plaintiff claims Defendants operated a meal program, which entitled employees to a meal during their break in exchange for deductions of their wages. But Plaintiff further claims that Defendants regularly required him to work through his break and yet still deducted wages for a meal break. Plaintiff alleges that Defendant used an automatic timer that clocked employees' hours. This timer automatically deducted breaktime from the employees' timesheets but did not account for if the employee actually took his or her break during their shift. There was no way for the employee to override the automatic timer and they had to self-report their breaks, or lack thereof, to Defendants to correct their timesheets. Plaintiff further alleges that Defendants operated a transportation program that similarly deducted employee wages in exchange for travel to the restaurant in Defendants' company car. Plaintiff alleges that he was deducted wages as part of this program even though he was asked to continue working while using the transportation program.

## LEGAL STANDARD

Plaintiff seeks to certify the proposed class pursuant to Federal Rule of Civil Procedure 23. The requirements for class certification are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims

3

or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). At this stage, the court is not to grapple with the merits questions and only make a definitive assessment of the Rule 23 requirements. *See Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010). "The Rule 23 requirements must be established by at least a preponderance of the evidence." *Id*. And it is the burden of the party moving for certification to establish that these requirements have been met. *See In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006). It is only after a rigorous analysis designed to ensure actual, and not presumed conformance, that a class can be certified under Rule 23. *See Westchester Indep. Living Ctr., Inc. v. State Univ. of New York, Purchase Coll.*, 331 F.R.D. 279, 287 (S.D.N.Y. 2019).

## DISCUSSION

Plaintiff seeks to certify a class of all non-managerial and non-exempt workers who were employed or are currently employed by Defendants during the six years immediately preceding the initiation of this action, or May 31, 2013, up to the date of the decision on this motion. (Pltf.'s MoL. at 5.) Plaintiff seeks certification of his FLSA and NYLL claims regarding Defendants' meal and transportation credit violations.[1] (*Id*.) Plaintiff moves under Rule 23(b)(3) for certification—which, in addition to numerosity, commonality, typicality, and adequacy—also requires a finding that there are "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Rule 23(b)(3).

---

[1] Plaintiff seeks to certify his FLSA claims pursuant to Rule 23. This is clearly incorrect. FLSA claims have a separate process pursuant to 29 U.S.C. § 216(b) to proceed as a collective action. Accordingly, the Court will only address certification of the NYLL claims.

4

In support of their position, Plaintiff argues that "defendants failed to accurately keep track of whether plaintiff and other workers that were involved in the meal break program actually in fact took their meal break." (Pltf.'s MoL. at 14.) Plaintiff claims that the evidence from depositions and discovery establishes that "defendants deducted breaks from workers and their records on how they deducted those records are not backed up by any evidence but mere by guesses and assumption," and that "no matter what position you held if you were part of the meal break program you received a deduction of hours whether or not you took your meal." (*Id*.) As Plaintiff counts it, there are 131 non-drivers who had wages deducted as part of Defendants' meal program from 2016 until 2023. (Reply at 2.) Plaintiff also tallies 44 drivers who had wages deducted as part of Defendants' meal program during the three-year collective period. (Reply at 13.) Plaintiff further argues that 75% of Defendants' workforce opted into the transportation program. (Plf.'s MoL. at 8.) Plaintiff infers this from Defendant Soonwah Lee's deposition testimony where he stated that 25-30% of his employees were local. (*See* Exhibit 3, 35:24-36:3.) On this basis, Plaintiff argues that he satisfies the numerosity, commonality, and typicality requirements of Rule 23. The Court disagrees.

Numerosity requires that the proposed class be so numerous that joinder of each member is impracticable. *See* Rule 23(a)(1). Generally, courts will find numerosity when there are 40 or more members in a class. *See Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). If the class dips to fewer than 21 members, though, numerosity is usually not satisfied. *See Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998) (collecting cases). Classes of fewer than 20 or so members will require extraordinary circumstances to be certified. *See Sanchez v. New York Kimchi Catering, Corp.*, 320 F.R.D. 366, 374 (S.D.N.Y. 2017) (quoting Joseph M. McLauglin, McLaughlin on Class Actions § 4:5 (13th ed., 2016)).

The commonality and typicality requirements tend to merge into one another such that the analysis often overlaps. *See Marisol*, 126 F.3d at 376. But the primary purpose of these requirements is to ensure that "maintenance of a class action is economical and [that] the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id*. (quoting *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982)). Commonality requires that plaintiff's grievances contain common questions of law or of fact. *Id*. "[C]ommonality is usually satisfied in wage cases where the plaintiffs allege that defendants had a common policy ... of unlawful labor practices." *Balverde v. Lunella Ristorante, Inc.*, 2017 WL 1954934, at *6 (S.D.N.Y. May 10, 2017). In contrast, typicality requires that the claims of the class representative be typical of those of the class. *See Marisol*, 126 F.3d at 376. Typicality is satisfied when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert*, 960 F.2d 285, 291 (2d Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir.1968).

**The Proposed Class**

As mentioned, Plaintiff seeks to certify a class of all non-managerial and non-exempt employees from Defendants' restaurant. In support of his argument, Plaintiff has marshalled evidence in the form of pay stubs, timesheets, wage notices, and deposition testimony that meal credits were taken from certain of Defendants' employees. On this point, there is ample evidence to support that this activity, in fact, occurred. But that is not the question. The question is which employees had meal credits taken *improperly*—i.e., when they did not take their meal break. Plaintiff offers the Court no proof of this activity. Plaintiff relies on evidence that shows that meal credits were taken from employees and then claims that Defendants failed to keep better

records of whether employees, in fact, took their meal breaks. From there, Plaintiff extrapolates that if Plaintiff had improper deductions, then all or almost all the employees that were part of the meal program must have also had similar improper deductions taken. This amounts to mere speculation and conjecture. It does not follow that just because meal credits were taken from other employees, and that Plaintiff may have had improper deductions, that this was a common policy of unlawful labor practices. Further, it is also far from clear if that policy did exist, that it affected a wide swath of Defendants' employees such that it satisfies the numerosity requirement.

Moreover, Plaintiffs' failure to keep better records also does not provide proof of improper deductions. Defendant Soonwah Lee testified that he had a system where employees could self-report if they did, or did not, take their meal break that day and that their deductions would be removed and their timesheets and paychecks adjusted accordingly. *See* Exhibit 3, Tr. 54:17-25; 55:1-14; 64:7-18. Just because deductions were automatic does not mean that they were improper or went uncorrected as Plaintiff claims. First, automatic deductions are not *per se* illegal. *See Desilva v. North Shore Long Island Jewish Health System, Inc.*, 27 F. Supp. 3d 313, 321 (E.D.N.Y. 2014). Second, if these deductions went uncorrected, it is Plaintiff's burden to come forward with evidence that demonstrates that. They did not. The Court has not been provided with sufficient proof that there was a common policy of unlawful labor practices or that a sufficient number of employees were subject to the same treatment as Plaintiff alleges. Instead, the Court is left with speculation and conjecture, which will not sustain a motion for class certification. *See Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968) (holding that a motion for class certification will fail when it rests on pure speculation or bare allegations).

Plaintiff's claims related to Defendants' transportation program fare no better. To support this argument, Plaintiff points to Defendant Soonwah Lee's deposition where he indicated that he allows employees who live in Flushing, Queens to use his company car to travel to and from work. He allows one of his employees to drive the car and ferry the other workers back and forth and compensates the driver with a few additional dollars for their help. During the deposition, Defendant Soonwah Lee indicated that this program is optional and that it is not utilized by his employees who live locally, which he estimated to be about 25-30% of his workforce. From this, Plaintiff argues that, not only did 75% of Defendants' workforce use the transportation program, but that they also suffered improper transportation deductions as a result. Plaintiff's argument takes a large logical leap. First, it does not follow that because 25-30% of Defendants' workforce lives locally that the balance of his workforce opted into the transportation program. Second, it also does not follow that, even if 75% did opt in, that they also suffered from improper deductions. Plaintiff again gives the Court nothing to determine that other employees suffered from the same improper wage deductions that he alleges and certainly not enough to do so by a preponderance of evidence. Instead, the Court is again left with mere speculation and conjecture. Accordingly, Plaintiff has failed to establish numerosity, commonality, and typicality with respect to the non-managerial and non-exempt employees.

**<u>The Driver Class</u>**

This leaves the drivers. Plaintiff has requested that if the class of non-managerial and non-exempt employees is not certified that a claim consisting of drivers be certified instead. Plaintiff claims that there are 44 drivers who were similarly treated who would comprise this class. In its January 28, 2022 opinion, the Court conditionally certified a class of drivers based on Plaintiff's proffer of similar drivers who he alleged were subject to similar violations, which

8

he learned by working alongside them and by observing the manager handing over their pay in check with an accompanying salary chart that contained similar deductions. Plaintiff was able to identify these drivers by their names or nicknames and physical descriptions. There, Plaintiff was able to eke out the "modest factual showing" needed to satisfy the "minimal burden" to conditionally certify the class of drivers. But now, the standard is no longer a modest one but by a preponderance, which requires a "significant" and "convincing" evidence that satisfies the Rule 23 requirements. *Ackerman v. Coca-Cola Co.*, No. 09 CV 395, 2013 WL 7044866, at *6 (E.D.N.Y. July 18, 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)). Plaintiff's modest showing can no longer sustain its claim.

      Plaintiff has offered no additional evidence that allows the Court to determine that drivers were subject to a common policy that was used to deny them proper wages. As discussed *supra*, Plaintiff has only proved that Defendants offered a meal program and transportation program that employees availed themselves of. The mere fact that there was a meal and transportation program that deducted wages automatically does not provide evidence that those deductions were denying employees their proper wages. *See Khalid v. DJ Shirley 1 Inc., No.* 15CV5926SJFGRB, 2018 WL 9963873, at *6 (E.D.N.Y. June 26, 2018) (concluding that "the mere fact that the meal break policy existed does not raise an inference that implementation of that policy resulted in the denial of wages or overtime pay"); *Desilva*, 27 F. Supp. 3d at 321 (determining that "automatic meal deduction policies are not *per se* illegal"). A plaintiff can establish a common policy of unlaw practice by either "(i) an express company policy that violated the employee-plaintiffs' rights; or (ii) a practice that had sufficiently pervaded the company that it had become a de facto policy, which the plaintiffs can show by, among other things, anecdotal evidence that reaches a certain critical mass or comprehensive statistical

9

analysis." *Mendez v. U.S. Nonwovens Corp.*, 312 F.R.D. 81, 92 (E.D.N.Y. 2014) (citing *Ruiz v. Citibank*, N.A., 93 F.Supp.3d 279, 289 (S.D.N.Y.2015). The Court has been provided with neither. Accordingly, Plaintiff has not established commonality and typicality with respect to the drivers.

As the Court counts it, there are only four drivers who have opted into the class, as well as Plaintiff, bringing the total count of drivers who have alleged improper deductions to five. As mentioned *supra*, numerosity is presumed at 40 and will only be satisfied below 21 under extraordinary circumstances. *See Sanchez*, 320 F.R.D. at 374. The Court has not been provided with any extraordinary circumstances to find that a class of five should be certified or that joinder would be impracticable. Accordingly, Plaintiff has failed to establish numerosity with respect to the drivers.

## CONCLUSION

The Plaintiff's motion for class certification is DENIED. Any party seeking leave to file a dispositive motion shall file a letter on March 7, 2025 and response thereto on March 10, 2025. The Clerk of Court is kindly directed to terminate the motions at ECF No. 161.

SO ORDERED.

Dated: February 14, 2025
        White Plains, New York

                                          NELSON S. ROMÁN
                                          United States District Judge